# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON KULHANEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2431 JAR |
| | ) |
| CINDY GRIFFITH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brandon Kulhanek, who is currently incarcerated at Potosi Correctional Center ("PCC"), for leave to commence this civil action without prepayment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.91. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $14.59. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.91, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is an inmate at the Potosi Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 against. He sues all thirty-seven (37) named defendants in both their individual and official capacities.

Plaintiff's complaint numbers twenty-one (21) handwritten pages and includes a declaration from another inmate. Plaintiff alleges in his complaint that on or about January 25, 2016, he was placed in a single-man cell in the Administrative Segregation unit in PCC. Plaintiff states that he has been in the cell from January 2016, through the present, and he states that he "has no contact with the offender general population and rarely exits his cell, except for searches, three hours [per week] of recreation in the in-house recreation cages and medical."

He asserts that on January 25, 2016, an unknown person at the prison issued a "security order" against plaintiff mandating he be placed in leg shackles and restraints when leaving his cell single Administrative Segregation cell.

Plaintiff claims that Cindy Griffith (Warden) and Greg Dunn (Chief of Custody), amended the special security order on August 10, 2016, pursuant to an "evil intent" requiring

correctional officers who took plaintiff from his cell on a daily basis, to restrain plaintiff by "hinged handcuffs," leg shackles," and "elbow shackles."

Plaintiff claims that Griffith and Dunn amended the security order on February 21, 2017, pursuant to an "evil intent," requiring mechanical restraints of leg shackles, and arm restraints, as well as physical pat down searches and cell and property searches three times a day. Plaintiff asserts that this order was modified by defendants Griffith and Dunn on February 23, 2017, to include body cavity searches as well three times daily, and plaintiff claims that this was a result of "collusion" by Shift Commanders Rick Menteer and Will Hunter.

Plaintiff claims that on March 1, 2017, Griffith and Dunn placed plaintiff in a suicide cell in violation of his Eighth Amendment rights, in an effort to humiliate and increase his mental pain and suffering.

Plaintiff admits that he was told that the reason he was first placed in Administrative Segregation and the security measures were increased was because in February 2017 plaintiff had been found guilty of assault. Moreover, the prison officials believed that plaintiff was "green lighting" a hit on other offenders.

The remainder of plaintiff's complaint outlines paragraphs against individual correctional officers who carried out the directions of Griffith and Dunn and failed to respond to plaintiff's verbal and written complaints of the conduct initiated by Griffith and Dunn.

Plaintiff seeks injunctive relief and unspecified monetary damages.

**Discussion**

Plaintiff has alleged sufficient facts against defendants Griffith and Dunn in their individual capacities, to state a procedural due process claim. For the Due Process Clause to be

implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff has alleged that he has been in a one-man cell since January 2016. He claims that he rarely gets to leave the cell, has no contact with the general population, and he gets three hours per week in the "in-house recreation cages." Within the past two years, plaintiff has moved cells only to be placed in the suicide cell. It appears he has no real privileges enjoyed by other inmates in general population, such as access to true recreational activities. Further, he alleges that he has no real human contact, and that he is locked in his cell twenty-four hours a day, unless he is being shackled and having his cell and body cavities searched.

He also alleges that he has been so confined for nearly two years. These allegations, taken together, are sufficient to establish "atypical and significant hardship," or, stated differently, "conditions [that] give rise to a liberty interest in their avoidance." *See Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005).

The Court will also issue process on plaintiff's individual capacity claims against Shift Commanders Rick Menteer and Will Hunter for purportedly instituting routine strip searches against him. "The test of reasonableness [under the Constitution] is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). Generally, strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns. *E.g., Franklin v. Lockhart,* 883 F.2d 654, 656-57 (8th Cir. 1989). Strip searches conducted "in an abusive fashion

5

. . . cannot be condoned." *Bell,* 441 U.S. at 560. Plaintiff states that the strip searches are continuous in nature and conducted in a cell where they are videotaped. Given these factors, the Court will issue process on his claims relating to the continuous nature of the strip searches.

The Court will dismiss, however, plaintiff's claims against defendants in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

And the Court will not issue process on the defendants plaintiff named in his lawsuit for merely failing to respond to his verbal and written grievances. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). In addition, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, his claims against the remaining defendants will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.91 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Cindy Griffith, Greg Dunn, Rick Menteer and Will Hunter in their individual capacities. Defendants shall be served through the waiver agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Cindy Griffith, Greg Dunn, Rick Menteer and Will Hunter shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued upon the complaint as to plaintiff's official capacity claims against Cindy Griffith, Greg Dunn, Rick Menteer and Will Hunter because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Ian Wallace, Alan Earls, Eric Burch, Joe Arcand, William Milam, Travis Crews, Stan Payne, Jennifer Price, Bruce Dunn, Vincent Cain, Donald

Walcott, Robert McMahan, Unknown Batiste, Unknown Nichols, Unknown Declue, Unknown King, Unknown Klein, Unknown Sistry, Unknown Lee, Unknown Renshaw, Unknown Isgrig, Unknown Stegall, Unknown Hand, Jason Davis, Amber Rayfield, Kimberly Price, Christina Henson, Frederick Knapp, Patrick Brauner, Adam Randazzo, Michael Sandberg, Ryan Brooks, Jeffrey Jones because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of January, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE