UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON KULHANEK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2431 JAR ) |
| CINDY GRIFFITH, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion to dismiss, filed by defendants Cindy Griffith, Will Hunter and Rick Menteer.[1] Plaintiff has responded to the motion seeking assistance of counsel in this matter. For the reasons discussed below, the motion will be denied.

### Legal Standard on a Motion to Dismiss

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which

---

[1] Defense counsel has not responded as to whether counsel will waive service as to defendant Greg Dunn. Pursuant to the Waiver Agreement this Court maintains with the Missouri Attorney General's Office, counsel is required to inform the Court whether they will accept service on defendant Dunn's behalf. If counsel is unable to accept service as to defendant Dunn, counsel should send a formal notice to the Court indicating the reason counsel is unable to accept the waiver of service. If defendant Dunn is no longer employed by the Missouri Department of Corrections, counsel will need to provide, under seal and ex parte, defendant Dunn's last known home address so the Court can effectuate service of summons on defendant Dunn through the U.S. Marshal's Office.

the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In addition, all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

## Background

Plaintiff is currently an inmate at the Potosi Correctional Center. He filed this action on September 18, 2017, pursuant to 42 U.S.C. § 1983 against thirty-seven (37) named defendants in both their individual and official capacities. The Court reviewed plaintiff's handwritten complaint on January 23, 2018, for frivolousness, maliciousness and for failure to state a claim pursuant to 28 U.S.C. § 1915 and issued process on four claims against four separate defendants in this action. Notably, the Court issued process on Warden Cindy Griffith, Chief of Custody Greg Dunn, and Shift Commanders Will Hunter and Rick Menteer with respect to two separate claims.

2

In his complaint, plaintiff alleges that on or about January 25, 2016, he was placed in a single-man cell in the Administrative Segregation unit in PCC. Plaintiff states that he has been in the cell from January 2016, through the present, and he states that he "has no contact with the offender general population and rarely exits his cell, except for searches, three hours [per week] of recreation in the in-house recreation cages and medical."

He asserts that on January 25, 2016, an unknown person at the prison issued a "security order" against plaintiff mandating he be placed in leg shackles and restraints when leaving his Administrative Segregation cell.

Plaintiff claims that Cindy Griffith (Warden) and Greg Dunn (Chief of Custody), amended the special security order on August 10, 2016, pursuant to an "evil intent" requiring correctional officers who took plaintiff from his cell on a daily basis, to restrain plaintiff by "hinged handcuffs," leg shackles," and "elbow shackles."

Plaintiff claims that Griffith and Dunn amended the security order on February 21, 2017, pursuant to an "evil intent," requiring mechanical restraints of leg shackles, and arm restraints, as well as physical pat down searches and cell and property searches three times a day. Plaintiff asserts that this order was modified by defendants Griffith and Dunn on February 23, 2017, to include body cavity searches as well three times daily, and plaintiff claims that this was a result of "collusion" by Shift Commanders Rick Menteer and Will Hunter.

Plaintiff claims that on March 1, 2017, Griffith and Dunn placed plaintiff in a suicide cell in violation of his Eighth Amendment rights, in an effort to humiliate and increase his mental pain and suffering.

Plaintiff admits that he was told that the reason he was first placed in Administrative Segregation and the security measures were increased was because in February 2017 plaintiff

3

had been found guilty of assault. Moreover, the prison officials believed that plaintiff was "green lighting" a hit on other offenders.

The remainder of plaintiff's complaint outlines paragraphs against individual correctional officers who carried out the directions of Griffith and Dunn and failed to respond to plaintiff's verbal and written complaints of the conduct initiated by Griffith and Dunn.

In the Memorandum and Order issued on January 23, 2018, the Court issued process on plaintiff's procedural due process claims against Griffith and Dunn, noting that he had alleged enough to survive review under the due process clause, that he had been subjected to "atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472 (1995). Moreover, the Court issued process on plaintiff's claims against Rick Menteer and Will Hunter for purportedly instituting strip searches against him in an abusive fashion in violation of the Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *Franklin v. Lockhart*, 883 F.2d 654, 656-57 (8th Cir. 1989).

## Discussion

In the instant motion to dismiss, defendants argue that plaintiff's complaint should be dismissed from this action because:

> plaintiff's prior misconduct, his conviction for killing a fellow cellmate, and the fact that he is already in the most segregated living unit in the state prison system, as well as his eight conduct violations, including assault and allegations of 'green lighting a hit on other offenders,' demonstrate the need to restrain or shackle the [plaintiff] when he is leaving his cell. The conditions of [plaintiff's] confinement are merely a good faith effort on the part of the correction officers to maintain discipline and ensure the safety of staff and fellow inmates.

In support of defendants' contention, defendants cite to plaintiff's 2015 second degree murder conviction for the murder of his cellmate. *See State v. Kulhanek*, No. 17WA-CC00175.

4

The Court notes the difference between a motion to dismiss the pleadings on the basis of insufficient factual allegations under Federal Rule of Civil Procedure 12(b)(6) and arguing matters outside of the record based on the purported merits of the action pursuant to Federal Rule of Civil Procedure 56.

At this stage of the litigation, plaintiff is not required to set forth detailed factual allegations or specific facts that describe the evidence to be presented, nor is he required to prove the elements of his claims. *See Gregory v. Dillards, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted) (to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to provide the grounds on which the claim rests; it need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented).

Thus, defendants' arguments that there are safety and security reasons for placing plaintiff in a one-man cell for the past two years should be addressed when the matter can be fully briefed on summary judgment, with an outside record.

Therefore, for of the foregoing reasons, the motion to dismiss will be denied. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss this action [Doc. #21] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to respond to defendants' motion to dismiss [Doc. #23] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that defense counsel shall provide the Court with a response within **ten (10) days** of the date of this Order as to whether the Missouri Attorney General's Office will **waive service on behalf of defendant Greg Dunn** in accordance with the

Waiver of Service Agreement this Court maintains with the Missouri Attorney General's Office as to Missouri Department of Corrections Employees.

**IT IS FURTHER ORDERED** that if defense counsel is unable to waive service on behalf of defendant Greg Dunn, counsel shall provide, under seal, and *ex parte*, a notice to the Court indicating the reason counsel is unable to accept the waiver of service as to defendant Greg Dunn. If defendant Dunn is no longer employed by the Missouri Department of Corrections, counsel will need to provide, under seal and *ex parte*, defendant Dunn's last known home address so the Court can effectuate service of summons on defendant Dunn through the U.S. Marshal's Office.

**IT IS FURTHER ORDERED** that plaintiff's motion for entry of default [Doc. #12] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #24] is **DENIED AT THIS TIME**. Plaintiff has shown that he is able to represent his own interests at this time, and this case is not complex. The Court will allow plaintiff to renew his appointment of counsel if necessary at a later point in the case.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time to file a responsive pleading [Doc. #20] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants shall file their Answer in this action within twenty-one days of the date of this Memorandum and Order.

Dated this 14th day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE