# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON KULHANEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2431 JAR |
| ) | |
| CINDY GRIFFITH, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

Before the Court is defendants' motion for extension of time to respond to plaintiff's first set of interrogatories. Also before the Court is plaintiff's motion to compel defendants' answers to his first set of interrogatories, as well as his motion for subpoena duces tecum.

After reviewing the briefing before the Court, for good cause shown[1], the Court will grant defendants' motion for extension of time to answer plaintiff's first set of interrogatories. Defendants' answers to plaintiff's interrogatories shall be due to plaintiff no later than June 24, 2019. Any party's failure to adhere to the discovery schedule in this matter could result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just. Because the Court is granting defendant's motion for extension of time to answer plaintiff's interrogatories, plaintiff's motion to compel answers to his interrogatories will be denied without prejudice.

Next the Court turns to plaintiff's motion for subpoena duces tecum. In his motion plaintiff seeks an order from the Court requiring defendants to preserve video evidence of him from two-house taken at Potosi Correctional Center during the period from February 1, 2017

---

[1] Defendants' counsel indicates that she neglected to calendar the response date for plaintiff's interrogatories, and when she realized her error, she was unable to retrieve her case file due to the tornado that impacted her office facilities at the State Capitol. Counsel has not made a prior request for extension of time to respond to discovery.

through November 30, 2017. Plaintiff also seeks video evidence from one-house from May 1, 2019 through May 30, 2019. Further, the plaintiff seeks any hand-held video evidence of plaintiff in his cell be preserved.

Under Federal Rule of Civil Procedure 37(e), each party to litigation is required to preserve evidence, electronic or otherwise, reasonably anticipated for use in or requested for use in litigation. Loss of such evidence, after failure to take reasonable steps to preserve, can result in sanctions if a party can show prejudice and a finding that the other party acted with intent to deprive the party seeking such evidence. *See* Fed.R.Civ.P.37(e). The proper form for seeking such evidence from a party is through a request for production pursuant to Fed.R.Civ.P.34 rather than a request to the Court for subpoena. Therefore, plaintiff's request for subpoena duces tecum will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for extension of time to respond to plaintiff's request for interrogatories [Doc. #35] is **GRANTED**. Defendants' answers to plaintiff's interrogatories is due to plaintiff no later than **June 24, 2019**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel defendants' answers to interrogatories [Doc. #34] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for subpoena duces tecum [Doc. #33] is **DENIED**.

Dated this 28th day of May, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE