# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON KULHANEK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CINDY GRIFFITH, et al., ) <br> ) <br> Defendants, ) | No. 4:17-CV-2431 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. On March 14, 2019, the Court denied defendants' motion to dismiss in this matter. In that same Memorandum and Order, defense counsel was ordered to provide the Court, within ten (10) days of the date of that Order, whether the Missouri Attorney General's Office would waive service of process as to defendant Greg Dunn. If counsel chose not to waive service on behalf of Greg Dunn, counsel was instructed, pursuant to the agreement this Court maintains with the Missouri Attorney General's Office, to provide the Court with the last known address of Mr. Dunn so that the Court could serve Mr. Dunn with process.

Counsel failed to respond to the Court in a timely manner. Because defense counsel asked for an extension of time to file an answer in this action, the Court waited until after the answer was filed to see if counsel chose to answer on Mr. Dunn's behalf. However, no such response was forthcoming on April 15, 2019.

On April 16, 2019, defense counsel was called by a Case Manager for the undersigned, and a message was left reminding counsel that a response needed to be filed to the Court relating to defendant Greg Dunn. On or about May 15, 2019, Staff Attorney for the District Court called

defense counsel and once again left defense counsel a message relaying that a response needed to be filed with the Court relative to defendant Greg Dunn. No answer or response has yet been filed by counsel.

Failing to adhere to guidelines set forth by the Court unnecessarily prolongs these proceedings. Defense counsel shall have ten (10) days to comply with the Court's March 14, 2019 Memorandum and Order requiring counsel to indicate whether it will waive service on behalf of Greg Dunn or provide the Court with his last known address under seal. Counsel's failure to do so or provide good cause shown will result in sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel shall have ten (10) days to provide the Court with a response in writing as to whether the Missouri Attorney General's Office will waive service on behalf of Greg Dunn in accordance with the waiver of service agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that if defense counsel is unable to waive service on behalf of defendant Greg Dunn, counsel shall provide under seal and *ex parte,* a notice to the Court indicating the reason counsel is unable to waive service as to defendant Greg Dunn. If defendant Dunn is no longer employed by the Missouri Department of Corrections, counsel will need to provide, under seal and *ex parte*, defendant Dunn's last known home address so that the Court can effectuate service of summons on defendant Dunn through the U.S. Marshal's Office.

Dated this 28th day of May, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE