UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDON KULHANEK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:17-CV-02431-JAR |
| CINDY GRIFFITH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

This matter is before the Court on Defendants Cindy Griffith, Greg Dunn, Will Hunger, and Rick Menteer's motion for judgment on the pleadings. (Doc. No. 53). Defendants moved for judgment on the pleadings, asserting that they, in their individual capacities, are entitled to qualified immunity because Plaintiff failed to state factual allegations that specifically suggest Defendants knowingly violated Plaintiff's clearly established constitutional rights, namely, a due process right to be free from additional restraints or increased cell and body searches. Defendants also argue that Plaintiff has not alleged that the additional safeguards placed upon him were punitive or wanton in nature, thus violating the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff responds that he asserted sufficient facts to support his claims and contends prison administrative records will demonstrate that his grievances were never adjudicated. (Doc. No. 58-1). In reply, Defendants contend that Plaintiff "is not entitled to murder other offenders, nor assault and threaten others." (Doc. No. 59). Defendants further maintain that "there is no clearly established law that states that an offender who murders another offender then engages in a pattern of disruptive behavior afterwards including the attempted 'green lighting' of another

1

offender cannot be subjected to visual body cavity searches as a result of their continued risk." (*Id.*).

Defendants and Plaintiff make arguments that rely, in part, on documents outside the pleadings, such as Plaintiff's conviction for second degree murder of his cellmate and a conduct violation for assault based on allegations that Plaintiff was "green lighting a hit on other offenders." A court must convert a motion for judgment on the pleadings to a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court. *See Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700–01 (8th Cir. 2003).

Upon careful consideration, the Court concludes that Defendants' motion for judgment on the pleadings should be converted to a motion for summary judgment based on the arguments presented by the parties and their reliance on evidence beyond the scope of the complaint. *See Issaenko v. Univ. of Minnesota*, No. 13-CV-3605 (JRT/SER), 2016 WL 8198306, at *7 (D. Minn. Jan. 25, 2016), *report and recommendation adopted*, No. CV 13-3605 (JRT/SER), 2016 WL 1271470 (D. Minn. Mar. 31, 2016) (holding that because it declined to convert the motion into a motion for summary judgment, "the Court cannot consider [Plaintiff's] arguments to the extent they are based on documents that are outside the pleadings"); *see also E. Coast Test Prep LLC v. Allnurses.com, Inc.*, 307 F. Supp. 3d 952, 962 (D. Minn. 2018) ("The nonmoving party is normally entitled to notice that conversion is occurring so that the burden to produce affidavits, not merely allegations, is clear . . .") (citing *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the Court will convert Defendants' motion for judgment on the pleadings (Doc. No. 53) into a motion for summary judgment, in accordance with Federal Rule of Civil Procedure 12(d).

**IT IS FURTHER ORDERED** that, in light of the above, Defendants shall have **30 days** from the date of this Order to file any supplemental briefing setting forth materials pertinent to their motion. Plaintiff shall have **30 days** thereafter to file any supplemental response, and Defendants shall have **14 days** thereafter to reply.

Dated this 26th day of December, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE