UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON KULHANEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02431-JAR |
| | ) | |
| CINDY GRIFFITH, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motions for appointment of counsel (Doc. No. 63) and to reopen discovery (Doc. No. 64). Plaintiff seeks appointment of counsel because he claims to have limited legal knowledge, his case has become more complex, and his current housing in administrative segregation makes it difficult for him to conduct fact investigation and gain access to legal materials. Although the Court has discretion to appoint counsel when necessary, there is no constitutional right for a pro se plaintiff to have counsel appointed in a civil case. *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *Phillips v. Jasper County Jail*, 437 F.3d. 791, 794 (8th Cir. 2006). Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the plaintiff to present the facts and his claims, and the degree to which the plaintiff and the court would benefit from such an appointment. *Phillips*, 437 F.3d. at 794.

On May 28, 2019, the Court denied Plaintiff's previous motion for appointment of counsel because the case was neither factually nor legally complex and Plaintiff had shown that he could adequately present his claims to the Court. (Doc. No. 38). Upon review of the record, the Court again concludes that this case is neither factually nor legally complex and that Plaintiff

has aptly demonstrated his ability to present his claims. Thus, the Court will deny Plaintiff's motion for appointment of counsel.

Plaintiff also requests that the Court reopen discovery so that he can better oppose Defendants' motion for Summary Judgment. (Doc. No. 64). In his motion, Plaintiff states that he "will need documents the Defendants possess as well as video footage" to defend his claim. (Doc. No. 64). Yet, Plaintiff neither specifies what documents or footage he is seeking nor explains how these items would be relevant to his claim. Without this information, the Court cannot rule on Plaintiff's motion to reopen discovery. Therefore, the Court will direct Plaintiff to identify and explain the relevancy of the documents and video footage he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel (Doc. No. 63) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall provide this Court with a response within **fifteen (15) days** of this order identifying what documents and video footage he asserts will support his claim, as well as a description of each item's relevance to the case.

Dated this 30th day of January, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE